IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
                          )
            Plaintiff,    )
                          )
v.                        )   Case No. 11-10098-EFM
                          )
TRAVIS L. SIEBERT,        )
                          )
            Defendant.    )
_____)

## ORDER

Defendant Travis Siebert was indicted by the Grand Jury on a one count indictment of conversion of mortgage property with intent to defraud the Farm Service Agency of the United States Department of Agriculture, in violation of 18 U.S.C. § 658. The case was called for jury trial on January 9, 2012. The jury returned a verdict of guilty on January 17, 2012. Defendant was sentenced to three years of probation, and restitution in the amount of $83,972.60. No appeal was filed, although several post-trial matters regarding restitution have been addressed.

On June 20, 2013, nearly a year and a half after trial, Defendant filed a motion entitled "Motion for Indictment to be over turned and nullifying the conviction" (Doc. 77). The motion, which the government not inaccurately characterizes as "something of a rant"[1] makes general allegation of "many lies and misrepresentations of the truth" before the Grand Jury. As a result of these alleged lies, Defendant seeks to have the indictment "over turned" and the conviction nullified.

Defendant makes arguments, but offers no evidence, that certain testimony before the Grand Jury was untruthful. The Government's response counters the factual accuracy, and/or the

---
[1] Doc. 80, p. 2.

materiality, of those assertions. Defendant also cites no authority permitting his requested relief. His motion does not appear to be a *habeas* motion pursuant to 28 U.S.C. § 2255, which would allow the Court to vacate, set aside, or correct a sentence of on the grounds that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack."[2] Defendant's claims of untruthful testimony before the Grand Jury do not appear to fit within those stated grounds for relief. Furthermore, 28 U.S.C. § 2255(f) imposes a one year period of limitation to a motion filed under this section, running from the date the judgment of conviction becomes final,[3] and so Defendant is out of time to file this motion.

The Government suggests that Defendant's motion is a Fed. R. Crim. P. 12(b)(3) motion, alleging defects in the indictment or in the process of obtaining the indictment. However, as the Government notes, such motions must be raised before trial, and pursuant to Fed. R. Crim. P. 12(e), any such motions not timely made are waived, unless the Court grants relief for good cause. Defendant does not make any showing of good cause.

The Government also notes that Defendant's use of the phrase "over turned" suggests that he is making an appellate argument, and that no appeal has been timely filed in this case. Relatedly, the Government also argues that Defendant's case (at least, as to conviction and sentence) is no longer pending before this Court, since judgment has been entered and no timely notice of appeal filed.[4]

---

[2] 28 U.S.C. § 2255(a).

[3] An exception to this one year limitation is made for newly discovered evidence, and the Court recognizes Defendant's claim in his reply brief that the grand jury transcript was only recently provided to him. This timing is irrelevant, however, as the matters of which he complains are not material to the grand jury's indictment.

[4] *See, United States v. Lima-Pacheco*, 81 F. App'x 299, 300 (10th Cir. 2003).

Because the untruthfulness of the cited Grand Jury testimony has not been proven, nor shown to be material, and because no legal authority for granting Defendant's motion to "over turn" the indictment at this late date has been shown, Defendant's motion must be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Indictment to be over turned and nullifying the conviction (Doc. 77) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 12th day of July, 2013.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE